IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRABAURIS SMITH,** | : | CIVIL ACTION NO. 3:25-CV-289 |
| Petitioner | : | (Judge Neary) |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Trabauris Smith, argues that the United States Bureau of Prisons ("BOP") has improperly deemed him ineligible for time credits under the First Step Act ("FSA"). The petition will be denied.

**I.   Factual Background & Procedural History**

Smith is serving a 57-month sentence of imprisonment imposed by the United States District Court for the Western District of New York for possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 846(a)(1) and 846(b)(1)(C) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 6-2 at 1). He is currently housed in the Lewisburg United States Penitentiary ("USP-Lewisburg").

Smith filed his petition for writ of habeas corpus on February 18, 2025. (Doc. 1). He asserts that the BOP has improperly deemed him ineligible for time credits under the FSA and seeks a writ of habeas corpus compelling the BOP to deem him eligible for time credits and apply such credits to his sentence. (Id.) Respondent

responded to the petition on March 27, 2025, arguing that the petition should be denied because Smith failed to exhaust administrative remedies and because he is statutorily ineligible for time credits under the FSA. (Doc. 6). Smith has not filed a reply brief, and the deadline for doing so has expired. The petition is accordingly ripe for review.

## II.   Discussion

The FSA allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id.

Inmates who have been convicted of certain enumerated offense are ineligible to receive credits under the FSA. See 18 U.S.C. § 3632(d)(4)(D). Among other offenses, if a petitioner has been convicted of "unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime" in violation of 18 U.S.C. § 924(c), he is ineligible to receive time credits under the FSA. 18 U.S.C. § 3632(d)(4)(D)(xxii).

Smith is serving a sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (See Doc. 6-2 at 1). Based on this conviction, the BOP has deemed him ineligible for FSA time credits. Smith

argues that he should not be deemed ineligible for FSA credits because his conviction should not be considered a crime of violence. (Doc. 1 at 2). Section 3632(d)(4)(D)(xxii), however, bars an inmate from receiving FSA time credits if he has been convicted of "unlawful possession or use of a firearm during and in relation to any crime of violence *or* drug trafficking crime." (18 U.S.C. § 3632(d)(4)(D)(xxii) (emphasis added). Thus, it is immaterial whether his conviction qualifies as a crime of violence: he is barred from receiving FSA credits because he was convicted of possession of a firearm in furtherance of a drug trafficking crime.[1] The petition will accordingly be denied because the BOP has correctly deemed Brown ineligible for FSA credits because he is serving a sentence for possession of a firearm in furtherance of a drug trafficking crime in violation of Section 924(c).[2]

### III.  Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    September 25, 2025

---

[1] Smith also notes that the Chevron doctrine has been overruled and that federal courts no longer defer to agency interpretations of ambiguous statutes. But the Chevron doctrine is irrelevant in this case. The relevant statutes are not ambiguous and clearly bar Smith from receiving FSA time credits. This conclusion is not altered by Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024).

[2] The court does not address respondent's alternative argument that Smith failed to exhaust administrative remedies.